IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME JULIUS BROWN, SR .      *

       v.              *    CIVIL ACTION NO. ELH-14-2868

A.G. DOUGLAS F. GANSLER, *et al*.     *

*****

### **MEMORANDUM**

On September 5, 2014, the court received a habeas corpus petition from Jerome Julius Brown, filed under 28 U.S.C. § 2254.  Mr. Brown is a frequent litigator in this court who is detained at the Spring Grove Hospital Center ("Spring Grove") in Catonsville, Maryland.[1]  Because Mr. Brown is self-represented, his petition has been liberally construed.

Mr. Brown challenges a charge filed against him in the District Court for Charles County, Maryland involving the failure to return a rental vehicle.  *See State v. Brown*, Criminal No. 6P00069971 (District Court for Charles County).[2]  A review of the grounds raised by Brown show that he has raised no clear legal claims, but merely cites to criminal cases in both Prince George's County and Charles County in Maryland.  ECF No. 1 at 5-6.  He appears to claim that a bench warrant issued against him in Charles County was "unexecuted."  *Id*. at 6.  Attachments to the petition include copies of the state court docket in Brown's Charles County criminal case; the

---

[1] Brown has filed over 100 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).  His previous actions in the court generally consist of rambling memoranda and indecipherable attachments.  This case is no different.

[2] According to the state court docket and an attachment to a previous petition filed by Brown, his criminal case was deemed inactive due to a finding of incompetency and he was transported to Spring Grove.  Respondent must report to the state court every six months with regard to Brown's case and the state court must reassess Brown's competency on an annual basis.  *See* Md. Code., §§ 3-104 to 3-108 of the Criminal Procedure Article.  Brown is currently scheduled for an annual competency review hearing on September 26, 2014.  *See Brown v. Gansler, et al.*, Civil Action No. ELH-14-1284 (D. Md.) at ECF No. 1, Ex. 1 at 2.

application for a statement of charges; a letter from a Legal Analyst; a statute from the Maryland Code, Transportation Article; an automobile rental agreement; and a criminal summons issued by a Commissioner in Charles County.[3]  ECF No. 1, Exhibits.   The petition shall, however, be dismissed, without prejudice.

This court has attempted to determine the nature of the claims from a generous construction of the papers.  Assuming Brown wishes to challenge the validity of his state court criminal charge and his current detention, Brown's habeas petition is subject to dismissal.  A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490, 500 (1973).   There is no record that Brown has exhausted his state court remedies and he offers no justiciable reasons why the court should take review over this habeas action.[4]  Therefore, the challenge to his continued detention is premature and this action must be dismissed for the failure to exhaust available state court remedies.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

A separate Order follows, dismissing this case without prejudice.


Date: September 12, 2014                             _____/s/_____
                                                     Ellen Lipton Hollander
                                                     United States District Judge

---

[3] No filing fee or indigency motion accompanies the petition. Brown shall not be required to cure this deficiency.

[4] There is no showing that Brown appealed his original incompetency and commitment decision.  Moreover, Brown may file actions in the state court seeking a release hearing under Md. Code, § 10-805 of the Health-General Article.